IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                      )
                                            )
THOMAS EUGENE STANTON and                   )   Case No. 04-63170
LOIS LOUISE STANTON,                        )
                                            )
            Debtors.                        )

## MEMORANDUM OPINION

Debtors filed this Chapter 7 bankruptcy case on December 8, 2004. They then filed a motion to avoid the lien of Ozark Kenworth (Kenworth). Kenworth objected. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I will grant the debtors motion to avoid the lien of Kenworth.

## FACTUAL BACKGROUND

Debtors have filed two previous bankruptcy cases. On September 8, 1995, they filed a Chapter 7 bankruptcy petition and received a discharge on December 13, 1995. On November 14, 2001, debtors consented to judgment as to a debt owed to Kenworth in the amount of $10,074.41. On May 1, 2002, they filed a Chapter 13 bankruptcy petition. Their Chapter 13 plan was confirmed on August 12, 2003. This Court dismissed that case on August 23, 2004, because the plan would not complete within 60 months. During the pendency of the case debtors paid the Chapter 13 trustee the sum of $19,250. He, in turn,

distributed $3,214.20 –$1,161.08 to principal and $2,053.12 to interest--to Kenworth, a judgment lien creditor of debtors.

On December 8, 2004, debtors filed this Chapter 7 bankruptcy petition. They listed their address as 691 Faye, Houston, Missouri 65483. That property they valued at $43,000 with a lien of $38,000. They also listed real estate located at 250 Forest, Houston, Missouri with a value of $50,000 and a lien of $38,000. Finally, they listed a lot with a 35 foot frontage, located adjacent to 691 Faye, with a value of $500. They claimed both the real estate located at 691 Faye and the 35 foot frontage adjacent thereto as exempt. They stated their intention to surrender the real estate located at 250 Forest.

On December 27, 2004, debtors filed a motion to avoid the judgment lien of Kenworth. Kenworth objected, and the matter was set for hearing on January 26, 2005. That hearing was called and continued to February 16, 2005. This matter was continued again, at counsels' request, and scheduled for hearing on April 20, 2005. Neither Kenworth, nor any other party in interest, filed an objection to debtors' claims of exemption prior to the hearing on January 26.

On January 19, 2005, the Chapter 7 trustee held the section 341 first meeting of creditors. He eventually filed a report of no distribution, and on April 19, 2005, this Court entered an Order granting debtors their discharge. On February 11, 2005, this Court granted Town and Country Bank's motion for relief from the automatic stay as to the real estate located at 250 Forest. Kenworth did not object to that relief.

At the hearing on April 20, 2005, counsel for Kenworth relied on a Consent to

2

Judgment and a Judgment, entered on November 14, 2001, in the Circuit Court of Texas County, Missouri-Associate Division.[1] The Judgment liquidates a debt in the amount of $10,074.41, with interest thereon, at 18 percent per annum until paid in full.[2] The Consent to Judgment provided that debtors were to commence payments on November 10, 2001. It further provided that if debtors paid a total of $5000 on or before November 10, 2002, Kenworth would accept those payments as settlement in full. Finally, the Consent to Judgment provided that debtors "waive all claims of property being exempt from execution and judgment."[3] Kenworth, thus, argues that debtors are not entitled to claim their homestead exemption and avoid Kenworth's lien on their homestead. Kenworth also argues that the confirmed Chapter 13 plan in the previous case treated Kenworth as a secured creditor, therefore, debtors cannot now avoid the lien. Finally, Kenworth argues that debtors are estopped from avoiding its lien because they agreed to waive all claims of exemption in the Consent to Judgment.

Debtors argue that the confirmed plan in the previous Chapter 13 has no force and effect because the case was dismissed. They also claim that whether a judgment lien is avoidable is not determined by whether the debt is secured. The Bankruptcy Code (the Code) grants debtors the right to avoid a judgment lien, albeit a secured claim, to the extent it impairs an exemption to which debtors would otherwise be entitled. I took this matter under

---

[1] Movant's Ex. ## 1 and 3.

[2] *Id.* at Ex. # 3.

[3] *Id.* at Ex. # 1.

advisement and am now ready to rule.

## DISCUSSION

Section 349 of the Code provides that, unless the court orders otherwise, the dismissal of a bankruptcy case returns all of the parties to their prepetition status:

> Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title–
>
> (1) reinstates–
>
>> (A) any proceeding or custodianship superseded under section 543 of this title;
>>
>> (B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and
>>
>> (C) any lien voided under section 506(d) of this title;
>
> (2) vacates any order, judgment, or transfer ordered, under section 522(i)(I), 542, 550, or 553 of this title; and
>
> (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.[4]

Thus, the fact that debtors chose to treat Kenworth as fully secured in a Chapter 13 case, which was then dismissed before completion, is not relevant to the debtors' decision to avoid that judgment lien in a later Chapter 7 case.

In the later Chapter 7 case, this one, section 522(f) of the Code controls. That section

---

[4] 11 U.S.C. § 349(b).

allows debtors to avoid judgment liens that impair their rights to claim a homestead exemption after consideration of the mortgage and all other voluntary liens:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>
> (A) a judicial lien, . . .
>
> . . .
>
> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
>
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor cold claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.[5]

Debtors claimed the value of their home to be $43,000. Kenworth does not dispute that value. There is some dispute over the value of the 35 foot frontage. Debtors admit they paid $2500, but claim the narrow strip of land has little value to anyone else. They value it at $500. For the purposes of this calculation, I will use the value of $2500. The fair market value of debtors home and the adjacent real estate is, therefore, $45,500. Max Durham holds a lien on the homestead in the amount of $38,000. Kenworth filed a proof of claim in the amount of $10,757.43. Debtors are entitled to a homestead in the amount of $15,000.[6] After

---

[5] 11 U.S.C. § 522(f)(1) and (2)(A).

[6] Mo. Stat. Ann. § 415.475 (Supp. 2005).

subtracting the lien and the homestead exemption ($45,500 minus $38,000 equals $7,500 minus $15,000 equals a negative $7,500) there is no equity remaining for which Kenworth's lien can attach. Debtors may, therefore, avoid the judgment lien of Kenworth in the amount of $10,757.43.

Kenworth argues that the debtors waived their right to claim any property as exempt in the Consent to Judgment, thus, they are estopped from claiming an exemption in this case. I disagree for two reasons. First, section 522(f)(1) provides honest debtors a fresh start and an opportunity to avoid a judicial lien that impairs their homestead exemption "notwithstanding any waiver of exemptions."[7] Second, Kenworth did not file a timely objection to debtors claim of exemption.

Rule 4003(b) of the Federal Rules of Bankruptcy Procedure provides that a trustee or creditor must file "objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors."[8] The meeting of creditors was called and concluded on January 19, 2005. No objections were filed on or before February 18, 2005. No extensions were sought to object to debtors' claims of exemption.[9] In *Taylor v. Freeland & Kronz*,[10] the United States Supreme Court held that a party in interest's failure to object to

---

[7] 11 U.S.C. 522(f)(1). *See also In re Cain*, 235 B.R. 812, 818 (Bankr. M.D. N.C. 1998) (holding that initial waivers of exemptions have no present effect in a bankruptcy case).

[8] Fed. R. Bankr. P. 4003(b).

[9] *Id.*

[10] 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992).

the validity of an exemption within the 30 days prevents it from challenging the validity of the exemption at a later time.[11]

Debtors took advantage of relief authorized by the Code. The judgment lien of Kenworth impairs an exemption to which they are entitled. They claimed the exemption and no party in interest objected. I will, therefore, grant their motion to avoid the lien of Kenworth.

An Order in accordance with this Memorandum Opinion will be entered this date.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: April 25, 2005

---

[11]*Id.*, 503 U.S. at 642, 112 S. Ct. at 1648.